IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-HC-2114-FL

| ANTHONY ANDREWS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| WARDEN R. RAMOS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

This matter is before the court on respondent's motion to dismiss (DE 7) and petitioner's motion to expedite (DE 14). The issues raised have been briefed fully and are ripe for ruling. For the reasons that follow, the motion to dismiss is granted, and the motion to expedite is denied as moot.

### BACKGROUND

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons abused its discretion by denying his request for home confinement. Respondent moves to dismiss the petition pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6), arguing that the court lacks authority to review the FBOP's place of imprisonment decisions.

Petitioner is serving aggregate term of 144 months' imprisonment for a drug offense and related violation of supervised release. (Pet. (DE 1) ¶ 4); United States v. Andrews, No. 7:16-CR-30-D-3 (E.D.N.C. Nov. 15, 2018); United States v. Andrews, No. 7:01-CR-27-M-1 (E.D.N.C. Aug 14, 2019). On July 28, 2021, petitioner requested that the FBOP place him in home

confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (DE 1-1 at 11). The FBOP denied the request because

> It was determined [petitioner's] release would pose a danger to the safety of the community. In making this determination, the nature and circumstances of your prior conviction [were] reviewed. In 1988, you [pleaded] guilty to false imprisonment. You falsely imprisoned the victim who sustained injuries.

(Id.). Petitioner appealed the decision through the FBOP's administrative remedy program, but the decision was upheld. (Id. at 3, 6, 8–9).

Petitioner argues the FBOP abused its discretion by denying his request for home confinement. According to petitioner, his false imprisonment conviction does not qualify as a crime of violence under governing law, and therefore the FBOP should not have determined that his release would pose a danger to the safety of the community. He requests an order directing the FBOP to reconsider the request for home confinement.

## COURT'S DISCUSSION

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests the "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

Although § 2241 permits challenges to the execution of a federal sentence,[1] Congress has directed that the FBOP's designation of an inmate's place of imprisonment is not subject to judicial review. Specifically, 18 U.S.C. § 3621(b) provides that the FBOP has exclusive authority to determine an inmate's place of imprisonment, including home confinement, and that, "notwithstanding any other provision of law, a designation of a place of imprisonment . . . is not reviewable by any court." See also 18 U.S.C. § 3624(c) (providing the FBOP with discretionary authority to place certain prisoners in home confinement but noting "nothing in [§ 3624(c)] shall be construed to limit or restrict the authority of the [FBOP Director] under section 3621"); United States v. Caudle, 740 F. App'x 364, 364–65 (4th Cir. 2018); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021); Holt v. Warden, No. CV 0:22-158-RMG-PJG, 2022 WL 837526, at *2 (D.S.C. Feb. 23, 2022) (collecting cases for the proposition that "[t]he [FBOP's] authority as to where to house inmates is completely discretionary and not subject to judicial review"). The CARES Act also did not alter § 3621(b) or otherwise provide a mechanism for the court to review the FBOP's placement decisions. See Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (providing authority to the FBOP director to lengthen the maximum amount of time for which a federal prisoner may be transferred to home confinement). Accordingly, the court lacks authority to review the FBOP's placement decision in this case, and petitioner's motion to dismiss must be granted.

---

[1] The United States Court of Appeals for the Fifth Circuit has held that claims challenging the FBOP's home confinement decisions are not cognizable habeas claims under § 2241 because success on the claim would not "automatically entitle [the petitioner] to accelerated release." See Melot v. Bergami, 970 F.3d 596, 599 (5th Cir. 2020). Instead, in that circuit, such claims must be brought as a civil rights action. Id. The question of whether federal inmates can challenge home confinement decisions under § 2241 has not been resolved in this circuit. See Farabee v. Clarke, 967 F.3d 380, 394–95 (4th Cir. 2020). Here, the court will assume without deciding that § 2241 is the proper procedural vehicle for the claim. See Hicks v. Ferreyra, 965 F.3d 302, 310 (4th Cir. 2020) (failure to plead a cognizable cause of action does not affect the court's subject matter jurisdiction).

Petitioner also cannot show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal inmates do not have a constitutional or federal statutory right to placement in home confinement. See 18 U.S.C. § 3621(b); Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no constitutional right to placement in a particular correctional facility or custody level); cf. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Even assuming, however, that the court has authority to review the FBOP's denial of home confinement for abuse of discretion, the court finds no such abuse on this record. Petitioner does not challenge the criteria under which he was evaluated for home confinement or suggest that the FBOP should have applied a different standard to his request. The FBOP reviewed the request under then United States Attorney General William Barr's memorandum regarding expanding the use of home confinement during the early stages of the COVID-19 pandemic. (See DE 1-1 at 8); see also Hallinan v. Scarantino, 466 F. Supp. 3d 587, 599–600 (2020) (quoting and describing the memorandum). Pursuant to these standards, the FBOP evaluates "the totality of circumstances for each individual inmate" which includes, as relevant here, the inmate's prior convictions and "assessment of the danger posed by the inmate to the community." (DE 1-1 at 8). And as noted above, the FBOP denied home confinement in petitioner's case based on the underlying facts of his prior conviction for false imprisonment, in which he injured the victim. (Id. at 11). The FBOP determined that petitioner's conduct during the offense established his release would "pose a danger to the safety of the community." (Id.).

4

Case 5:22-hc-02114-FL   Document 15   Filed 02/08/23   Page 4 of 6

Petitioner argues that his conviction for false imprisonment is not a crime of violence under United States v. Flores-Granados, 783 F.3d 487 (4th Cir. 2015). That case, however, addresses whether a North Carolina conviction for second-degree kidnapping is a crime of violence under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii). Flores-Granados, 783 F.3d at 488. And because the court used the "categorical approach" to conduct this analysis, it did not consider the underlying facts of the defendant's conviction. See id. at 490.

By contrast, the FBOP was tasked with determining whether petitioner's prior conviction established he would "pose a danger to the safety of the community" under the "totality of circumstances for each individual inmate." (DE 1-1 at 8, 11). Unlike the situation in Flores-Granados, this standard allows the FBOP to consider the facts underlying petitioner's conviction, which include a false imprisonment causing injury to the victim. (See id. at 8, 11). Accordingly, the question of whether petitioner's false imprisonment conviction qualifies as a crime of violence under Flores-Granados is irrelevant to the FBOP's determination. The FBOP therefore did not abuse its discretion in denying home confinement.

For the first time in his response to the motion to dismiss, petitioner argues that his prior conviction is not a 'serious violent felony" under 21 U.S.C. § 802(58). But whether petitioner's prior conviction qualifies as a serious violent felony under this provision is irrelevant for the same reasons set forth above: the FBOP was not limited to considering "serious violent felonies" when evaluating petitioner's request for home confinement. (See DE 1-1 at 8). Petitioner also relies on FBOP Program Statement 5410.01, which addresses award of time credits under the First Step Act. FBOP, Program Statement 5410.01, available at https://www.bop.gov/policy/progstat/5410_01.pdf. This program statement does not discuss the criteria for evaluating requests for

home confinement under the CARES Act, and so it is also irrelevant to petitioner's claims. Finally, the fact that petitioner allegedly is eligible for earning time credits under the First Step Act because he does not have a disqualifying violent felony does not change this analysis. As explained above, the criteria for deciding home confinement requests are not limited to whether petitioner has a prior conviction for a violent felony. (See DE 1-1 at 8).

In sum, the court lacks jurisdiction to review the FBOP's decision denying petitioner's request for home confinement. See 18 U.S.C. § 3621(b). In the alternative, the FBOP did not abuse its discretion when it denied petitioner's request.

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (DE 7) is GRANTED, and petitioner's motion to expedite (DE 14) is DENIED as moot. Petitioner's claim is dismissed without prejudice. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of February, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge